IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JERMAINE A. YOUNG, | : |
| | : |
| Petitioner, | : |
| | : |
| vs. | :  Civil Action File No. |
| | :  **1:04-CV-181 (WLS)** |
| THURBERT BAKER, Attorney General of Georgia, | : |
| | : |
| | : |
| Respondent. | : |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss (tab 10).

On March 28, 1990, petitioner pleaded guilty to burglary in the Juvenile Court of Dougherty County, Georgia; on April 3, 1990, petitioner pleaded guilty to a charge of theft by taking a motor vehicle in the Juvenile Court of Dougherty County. On June 19, 1991, petitioner pleaded guilty to theft by taking, motor vehicle in the Juvenile Court of Dougherty County. On the same day, petitioner also pleaded guilty to battery, obstruction of a law enforcement officer, and possession with intent to distribute. Petitioner did not seek an appeal concerning these cases.

On March 8, 2001, petitioner requested that his juvenile record be vacated or expunged, which request was denied. On November 21, 2003, petitioner filed a writ of habeas corpus in the form of a motion to vacate in the Juvenile Court, challenging his juvenile adjudications on the basis that his pleas were involuntary. On December 8, 2003, petitioner filed a duplicate motion to vacate adding additional claims. The Juvenile Court denied the motions.

On April 30, 2004, petitioner filed a notice of appeal to the Georgia Court of Appeals. On

July 1, 2004, the Court of Appeals dismissed petitioner's appeal for lack of jurisdiction.

Petitioner executed this petition on or about December 7, 2004.   Respondent moves to dismiss the petition.

*Jurisdiction*

Respondent first moves for dismissal based upon lack of jurisdiction.  Petitioner is in custody in the state of Florida for federal charges of aggravated assault and kidnaping, which he is not challenging in this court.  Instead, petitioner is challenging his earlier juvenile cases because they were used to enhance his current sentences on federal charges in Florida.  Because petitioner is in custody due to the enhancing effects of his prior juvenile court proceeding, the undersigned does not find this argument persuasive under Maleng v. Cook, 490 U.S. 488 (1989) and its progeny.

*Laches*

Respondent further seeks dismissal of this petition under the doctrine of laches.  Respondent claims that the fourteen year delay has caused undue prejudice to the respondent in his ability to respond to the petition.  See Clency v. Nagle, 60 F.3rd 751 (11th Cir. 1995).  The undersigned is of the opinion that this issue may be more thoughtfully decided under the Antiterrorism and Death Penalty Act (AEDPA) 28 U.S.C § 2244(d) and its applicability to the possibility that petitioner's petitioner should be dismissed because of lack of exhaustion and/or lack of timeliness.

Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition be **DENIED without prejudice** to his right to file another motion to dismiss under the provisions of the AEDPA.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file

written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO  RECOMMENDED**, this 7th day of February, 2006.

                                             //S Richard L. Hodge
                                             RICHARD L. HODGE
                                             UNITED STATES MAGISTRATE JUDGE

msd