IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JERMAINE A. YOUNG, | : | |
| Petitioner, | : | |
| vs. | : | Civil Action File No. |
| | : | **1:04-CV-181 (WLS)** |
| THURBERT BAKER, Attorney General of Georgia, | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss the petition (doc 23).

On March 28, 1990, petitioner pleaded guilty to burglary in the Juvenile Court of Dougherty County, Georgia; on April 3, 1990, petitioner pleaded guilty to a charge of theft by taking a motor vehicle in the Juvenile Court of Dougherty County. On June 19, 1991, petitioner pleaded guilty to theft by taking, motor vehicle in the Juvenile Court of Dougherty County. On the same day, petitioner also pleaded guilty to battery, obstruction of a law enforcement officer, and possession with intent to distribute. Petitioner did not seek an appeal concerning these cases.

On March 8, 2001, petitioner requested that his juvenile record be vacated or expunged, which request was denied. On November 21, 2003, petitioner filed a writ of habeas corpus in the form of a motion to vacate in the Juvenile Court, challenging his juvenile adjudications on the basis that his pleas were involuntary. On December 8, 2003, petitioner filed a duplicate motion to vacate adding additional claims. The Juvenile Court denied the motions on April 21, 2004.

On April 30, 2004, petitioner filed a notice of appeal to the Georgia Court of Appeals. On

July 1, 2004, the Court of Appeals dismissed petitioner's appeal for lack of jurisdiction. Petitioner is currently in custody in the state of Florida for unrelated charges for convictions from 1996; however, his juvenile record was used to enhance his sentence. Petitioner executed this petition on or about December 7, 2004. Respondent moves to dismiss the petition as untimely filed.

Section 2244(d) of the AEDPA provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527 (2003).

The AEDPA imposes a one-year statute of limitations for petitions for writs of habeas corpus. 28 U.S.C. § 2244(d). For prisoners whose convictions became final before the effective date of the AEDPA, as did petitioner's, the statute of limitations begins running on April 24, 1996, giving these prisoners one year from this date to file a habeas petition or to otherwise toll the limitations period by filing for relief in the state courts. See Wilcox v. Florida Dep't of

Corrections, 158 F.3d 1209, 1211 (11th Cir.1998). Consequently, petitioner had until April 23, 1997 in which to file timely petitions challenging his previous convictions. Petitioner did not file his first request for relief until November 2003, well after the expiration of the limitation period. Consequently, this petition is time-barred, as it concerns a conviction that became final prior to the enactment of the AEDPA.

Petitioner makes several arguments in opposition to respondent's assertion that this petition is time barred. First, petitioner claims that because Georgia law had no time limit on filing collateral attacks, his convictions were still open to collateral attack when he filed the first challenge to them in the Juvenile Court of Doughtery County on March 8, 2001.

Petitioner also raises the case of Lakawanna County District Attorney, et al. v. Coss, 532 U.S. 394 (2001) in opposition to dismissal. Petitioner states that the Supreme Court recognized an exception to the general rule in the case of a conviction used to enhance the current sentence if it was obtained in violation of the right to counsel, as petitioner claims happened to him.

The Supreme Court held in the context of § 2254 petitions that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

However, the Supreme Court recognized an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of

3

the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

When an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate. Cf. United States v. Tucker, supra, at 449, 92 S.Ct. 589 (affirming vacatur of sentence that was based in part on prior uncounselled state convictions).

However, the undersigned reads this case as carving out a narrow exception to challenging the previous sentence in the context of challenging its use in the enhanced sentence and conviction, not a new and obviously untimely challenge, as we have in the instant petition. In other words, petitioner should challenge the use of the allegedly constitutionally infirm juvenile court convictions in the context of his current sentence, for which they were used to enhance that sentence.

If petitioner were able to do as he suggests, there would never be finality to any conviction as long as a petitioner could claim that the conviction was obtained with the failure to appoint counsel. That would obviate the PLRA. Here, this petition is clearly untimely. Petitioner may be able to obtain relief from his current federal enhanced sentence by a direct challenge to that sentence or through a collateral attack by way of § 2255. However, it does not appear that the narrow exception carved out by Coss, supra, applies to the instant petition.

Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition as untimely be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United

4

States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 4th day of September, 2007.

                                                  //S Richard L. Hodge
                                                  RICHARD L. HODGE
                                                  UNITED STATES MAGISTRATE JUDGE

msd